### Ana Nevarez CABRALES, Petitioner,

v.

### John ASHCROFT, Attorney General,[*] Respondent.

No. 02–73221.

Agency No. A72–777–073.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.[**]

Decided Aug. 16, 2004.

Nancy Ann Fellom, Fellom & Solorio, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Coun-

---

[*] The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General,

is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

sel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Russell J.E. Verby, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

### MEMORANDUM***

Ann Nevarez Cabrales, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's decision denying her application for suspension of deportation. We dismiss in part and deny in part the petition for review.

We lack jurisdiction over the IJ's extreme hardship determination because it involves an exercise of discretion not subject to judicial review. *See Kalaw v. INS*, 133 F.3d 1147, 1152 (9th Cir.1997).

Consequently, we need not review petitioner's challenge to the IJ's continued physical presence and good moral character findings because even were it successful, the hardship determination would still stand. *See id.*

We similarly lack jurisdiction over Nevarez Cabrales' non-colorable due process claims. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1269–71 (9th Cir.2001).

Petitioner's contention that the BIA's summary affirmance procedure violates

due process is foreclosed by our decision in *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

